AANAND MEHTANI (SBN 254556)
**MEHTANI LAW OFFICES, P.C.**
9171 Wilshire Blvd., Ste. 500
Beverly Hills, California 90210
Phone: 310-776-3590
amehtani@mehtanilaw.com

Attorneys for Plaintiff,
Cristhian Guzman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTHIAN GUZMAN, an individual,<br><br>        Plaintiff,<br><br>        vs.<br><br>CLEARCHOICE MANAGEMENT SERVICES L.L.C., a Colorado limited liability corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | **JURY TRIAL DEMANDED**<br><br>Case No.<br><br>**COMPLAINT**<br><br>**1. RETALIATION IN VIOLATION OF LABOR CODE SECTION 1102.5**<br><br>**2. RETALIATION IN VIOLATION OF LABOR CODE SECTION 98.6**<br><br>**3. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |

COMPLAINT

Mehtani Law Offices

Plaintiff Cristhian Guzman ("Plaintiff" or "Guzman") alleges as follows on knowledge as to himself and his known acts, and on information and belief as to all other matters:

## I.

## **PARTIES**

1. At the relevant times mentioned herein, Plaintiff was employed by Defendant ClearChoice Management Services, LLC (the "Company"), or together with DOES, ("Defendants").

2. Plaintiff is an adult person who worked for the Company at all relevant times. The unlawful conduct alleged herein occurred in Los Angeles County.

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said defendants when the same has been ascertained. Each of the fictitiously named defendants is responsible in some manner for the acts complained of herein. Unless otherwise stated, all references to named defendants shall include DOE defendants as well.

4. At all times mentioned herein, Defendants acted in concert, and/or as alter egos of each other, or otherwise are jointly liable for the unlawful conduct complained of herein. Indeed, Plaintiff is informed and believes and thereon alleges that Defendants handle certain aspects of their employer-employee relationships jointly and are a single employer, joint employer and/or integrated enterprise. Plaintiff further alleges that Defendants at the relevant times were a single employer, joint employer and/or an integrated enterprise employing Plaintiff.

5. At all material times mentioned herein, Defendants and each DOE defendant was an agent, employee and/or partner of the remaining Defendant, including the DOE Defendant, and, in doing the things alleged herein, was acting within the scope of such

COMPLAINT

Mehtani Law Offices, P.C.

agency, employment and/or partnership with the permission, authority and/or consent of his, her or its co-Defendant.

## II.

## JURISDICTION AND VENUE

6. Federal diversity jurisdiction exists under 28 U.S.C. section 1332 because Plaintiff and Defendant are citizens of different states – California (Plaintiff) and Colorado (Defendant). No member of Defendant, a limited liability corporation, is a citizen of California.

7. Venue in this district is proper pursuant to 28 U.S.C. section 1391 because a substantial part of the events or omissions on which the claim is based occurred in the Central District of California.

## III.

## FACTUAL ALLEGATIONS

8. Plaintiff started working for the Company in February 2018 as a surgical assistant. The Company is a dental care provider.

9. During his employment, Plaintiff witnessed certain practices that were not safe for patients.

10. For example, certain surgeries were happening with only one dental assistant present when California law and other applicable safety standards mandate two such assistants. For example, a true and correct copy of an American Dental Association publication containing the rule to this effect is attached hereto as **Exhibit A.** (*Guidelines for the Use of Sedation and General Anesthesia by Dentists at p. 11.*)

11. Plaintiff complained about this practice often to Dr. George Wu, the dentist in charge of the center where he worked. He also complained to oral surgeon Dr. Kenneth Brown. Plaintiff also complained to manager Shonda Baylor as well. When none of those complaints were fruitful, Plaintiff complained to the Dental Board of California.

- 3 -

COMPLAINT

Mehtani Law Offices, P.C.

12. In or around early April 2023, Plaintiff, another surgical assistant, and Dr. Wu were discussing the lack of compliance with respect to surgical procedures as discussed above. The conversation started with Dr. Wu telling Plaintiff that he would need to work as the sole assistant on a surgery. Plaintiff strongly objected and emphasized that such a process would violate the applicable safety regulations and otherwise would generally be unsafe. Dr. Wu told Plaintiff that his concern was not significant.

13. Immediately following that conversation, that same day, Dr. Wu insisted that Plaintiff have a meeting with Dr. Wu and Baylor. Dr. Wu and Plaintiff explained their disagreement to Baylor that day.

14. The next day, Plaintiff was fired. A substantial motivating factor behind the termination were his complaints about noncompliance with safety standards and rules as discussed above.

15. During the course of his employment, Plaintiff also witnessed Celine Escobar performing dental work on patients without a an "Extended Functions Dental Assistant" license as required by the Dental Board of California. Plaintiff saw this happen on a daily or near-daily basis during his time there in 2022-2023. Plaintiff complained a handful of times about this to Dr. Wu as well as Baylor, and he also complained to Becky Beauchamp, who worked as a compliance manager at the facility. He was told in response from these individuals to stop complaining.

16. Generally during the entire course of his employment, Plaintiff generally was not given access to 30-minute meal periods within the first five hours of work. Plaintiff complained about Baylor about this about ten times during his employment. Baylor did not take those complaints seriously.

17. His complaints about Escobar working without a license as required by the laws of the State of California and his complaints about not getting meal periods were also substantial motivating factors behind his termination.

COMPLAINT

**Mehtani Law Offices, P.C.**

18. The misconduct, as described above, was performed or ratified by the Company, including, but not limited to Drs. Wu, Brown Baylor and Beauchamp, (collectively, the "Managing Agents"). The Managing Agents were each responsible for overseeing a substantial portion of the Company's business operations, and each exercised substantial discretionary authority over vital aspects of such operations including without limitation the engagement of the Company's termination decisions. The Managing Agents engaged in malicious and oppressive conduct that justifies an award of punitive damages.

19. In committing the foregoing acts as set forth above, the Managing Agents willfully disregarded Plaintiff's right to be free from unlawful retaliation.

20. In committing the foregoing acts as set forth above, the Managing Agents acted despicably and subjected Plaintiff to cruel and unjust hardship in conscious disregard for his rights under California law. The Managing Agents' conduct demonstrates a callous indifference for the law and Plaintiff's rights.

21. In committing the foregoing acts as set forth above, the Managing Agents intended to cause emotional and financial injury to Plaintiff. Specifically, the Managing Agents have engaged in a campaign of discrimination and retaliation with the intent to cause severe emotional distress or at least without regard for the consequences on Plaintiff's career, livelihood, and emotional wellbeing.

## IV.

## FIRST CAUSE OF ACTION

### (Retaliation in Violation of California Labor Code section 1102.5)

### (On Behalf of Plaintiff Against All Defendants)

22. Plaintiff realleges and incorporates by reference paragraphs 1-21, inclusive, of this Complaint as though fully set forth herein.

- 5 -
COMPLAINT

Mehtani Law Offices, P.C.

23.	Employers are required by Labor Code section 1102.5, subdivision (a) not to adopt or enforce any policy prohibiting an employee from disclosing information that the employee has reasonable cause to believe violates a state or federal statute, or violates a state or federal rule or regulation, whether such disclosure is made externally to a government agency or made internally to someone with authority over the employee.

24.	Employers are required by Labor Code section 1102.5, subdivision (b) not to retaliate against an employee for disclosing information, or because the employer believes the employee disclosed information or may disclose information, to a governmental body or to any person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

25.	Pursuant to Labor Code section 1102.5, subdivision (c), employers may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

26.	Employers or any person acting on their behalf are required by California Labor Code section 1102.5, subdivision (d) not to retaliate against an employee who exercises his rights under subdivisions (a)-(c).

27.	As stated in Section III above, Plaintiff disclosed information that he had reasonable cause to believe constituted a violation of laws pertaining to wage and hour standards including the California Labor Code.  He complained about various violations of his rights under the California Labor Code, including without limitation minimum wage laws under the Labor Code and Labor Code sections 98.6, 232.5, 201, 202, 221, 224, 226, 226.7 226(e), 227, 232.5, 510, 512, 1102.5, 2802, 1194, 1197, and 1198.  He also complained about laws pertaining to the healthy and safety of dental patients such as

COMPLAINT

**Mehtani Law Offices, P.C.**

Dental Board rules and standards, Exhibit A, and generally common law on negligence. In response to his internal complaints, the Company fired Plaintiff. The Company's conduct therefore constituted unlawful retaliation pursuant to Labor Code section 1102.5 subd. (a), (b), (c) and (d).

28. As a proximate result of the Company's conduct, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

29. The acts of oppression, fraud, and/or malice, were engaged in by Managing Agents employees of Defendants. Defendants had advance knowledge of the unfitness of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of each of the Defendant employers, thereby entitling Plaintiff to punitive and exemplary damages against each Defendant employer in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

30. Plaintiff is entitled to reimbursement of attorneys' fees pursuant to Labor Code section 1102.5.

31. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

//

COMPLAINT

Mehtani Law Offices, P.C.

# V.

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of California Labor Code section 98.6)

### (On Behalf of Plaintiff Against the Company)

32.     Plaintiff realleges and incorporates by reference paragraphs 1-31, inclusive, of this Complaint as though fully set forth herein.

33.     California Labor Code section 98.6 prohibits employers from subjecting an employee to any adverse employment action because that employee asserted any right afforded him by the Labor Code.

34.     Plaintiff complained to the Managing Agents that Defendants' practices were illegal and that his rights were being violated.  He complained about various violations of his rights under the California Labor Code, including without limitation minimum wage laws under the Labor Code and Labor Code sections 98.6, 232.5, 201, 202, 221, 224, 226, 226(e), 226.7, 227, 232.5, 510, 512, 1102.5, 2802, 1194, 1197, and 1198 and all other Labor Code laws that pertain to meal breaks.

35.     In retaliation for such complaints, the Company subjected Plaintiff to adverse employment actions by, among other things as described above, terminating his employment.

36.     As a proximate result of the Company's conduct, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

37.     The acts of oppression, fraud, and/or malice, were engaged in by Managing Agents employees of Defendants.  Defendants had advance knowledge of the unfitness of each employee who acted with oppression, fraud, and/or malice, and/or authorized or

COMPLAINT

**Mehtani Law Offices, P.C.**

ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of each of the Defendant employers, thereby entitling Plaintiff to punitive and exemplary damages against each Defendant employer in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

38. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## VI.

## THIRD CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (On Behalf of Plaintiff Against the Company)

39. Plaintiff realleges and incorporates by reference paragraphs 1-38, inclusive, of this Complaint as though fully set forth herein.

40. As stated in Section III above, Plaintiff disclosed information that he had reasonable cause to believe constituted a violation of laws pertaining to wage and hour standards including the California Labor Code. He complained about various violations of his rights under the California Labor Code, including without limitation minimum wage laws under the Labor Code and Labor Code sections 98.6, 232.5, 201, 202, 221, 224, 226, 226.7 226(e), 227, 232.5, 510, 512, 1102.5, 2802, 1194, 1197, and 1198. He also complained about laws pertaining to the healthy and safety of dental patients such as Dental Board rules and standards, Exhibit A, and generally common law on negligence. In response to his internal complaints, the Company fired Plaintiff. Thus, Defendants took certain adverse employment actions related to Plaintiff's employment in violation of important and well-established public policies.

41. As a proximate result of the conduct of Defendants, Plaintiff has suffered

- 9 -
COMPLAINT

**Mehtani Law Offices, P.C.**

and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

42. The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

43. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

//

COMPLAINT

Mehtani Law Offices, P.C.

## **PRAYER FOR RELIEF**

1.    For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2.    For special damages, according to proof on each cause of action for which such damages are available.

3.    For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

4.    For declaratory and injunctive relief, as appropriate.

5.    For punitive damages and/or exemplary damages, as appropriate.

6.    For pre-judgment interest and post-judgment interest according to law.

7.    For reasonable attorneys' fees incurred in this action pursuant to Labor Code section 1102.5, and California Code of Civil Procedure section 1021.5.

8.    For costs of suit incurred in this action.

9.    For such other and further relief and the Court deems proper and just.

Dated:  August 19, 2023          MEHTANI LAW OFFICES, P.C.

By: _____
AANAND MEHTANI

Attorneys for Plaintiff
Cristhian Guzman

- 11 -
COMPLAINT

Mehtani Law Offices, P.C.